JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-6730
  FAX: (415) 436-7169

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE, | No. C 08-0829 MHP |
| Plaintiff, | |
| v. | JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER |
| UNITED STATES SMALL BUSINESS ADMINISTRATION | Date: May 19, 2008 Time: 4:00 p.m. Ctrm: 15, 18th Floor |
| Defendant. | |

1. <u>Jurisdiction and Service</u>: There are no issues concerning personal jurisdiction or venue. Plaintiff brought this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served.

2. <u>Facts</u>:

<u>Defendant Small Business Association ("SBA") asserts the following</u>:

This matter involves a request for records pertaining to the federal government's tracking of small business contracting data. The General Services Administration ("GSA"), manages the Federal Procurement Data System – Next Generation ("FPDS"), which is currently owned and operated by its contractor, Global Computer Enterprises ("GCE"). FPDS is a web-based Oracle software database for agencies to report information regarding contract actions. The data contained therein provides a "basis for recurring and special reports to the President, the Congress, the

Government Accountability Office, Federal executive agencies, and the general public." 48 C.F.R. § 4.602. It is also a "means of measuring and assessing the effect of federal contracting on the nation's economy and the extent to which small, veteran-owned small, service-disabled veteran-owned small, HUBZone small, small disadvantaged, women-owned small business concerns," as well as a "means of measuring and assessing the effect of other policy and management initiatives." Id. It is the responsibility of various contracting agencies to ensure and certify that the information in FPDS is accurate. 48 C.F.R. § 4.604. That information is input on an ongoing basis by contracting officers from various contracting agencies. As such, FPDS is a dynamic, ever changing database.

The U.S. Small Business Administration ("SBA") is responsible for setting goals for small business participation in federal contracts, pursuant to section 15(g)(1) of the Small Business Act. 15 U.S.C. 644(g)(1). Each year, SBA works with federal agencies to set goals for participation by small businesses. 15 U.S.C. 644(g)(2). SBA submits an annual report to Congress regarding these goals and small business participation, entitled the Small Business Goaling Report ("SBGR"). 15 U.S.C. 644(h)(2). The official SBGR is published on the SBA website, www.sba.gov.

While the SBGR is published by SBA, its creation occurs through the efforts of not only SBA, but also GSA and contracting agencies. Using parameters defined by SBA,[1] GSA programmed the FPDS system to generate certain information regarding small business participation in federal contracts – the information used in the SBGR ("the SBGR Information"). Thus, through GSA's programming (independently or through its contractor GCE), FPDS automatically searches the records input by contracting officers and produces the information that becomes the official SBGR Information.

In or about the summer of 2007, in order to create the FY 2006 SBGR, GSA saved a static copy, or "snapshot," of the database as of June 30, 2007. From that data, GSA then caused FPDS to generate the SBGR Information from the June 30, 2007 FPDS snapshot. On or about July 3,

---

[1]These parameters are defined in the appendix to the FY 2006 Goaling Report, available at http://www.sba.gov/idc/groups/public/documents/sba_homepage/sbgr_fy_2006.html (last visited May 2, 2008).

2007, GSA transmitted the 2006 SBGR Information to SBA. Substantively, the SBGR information transmitted to SBA is the very same information contained in the FY 2006 SBGR.

On or about August 16, 2007, SBA published the FY 2006 SBGR, which showed approximately $77.7 billion in contracts awarded to small businesses. Defendant asserts that as of that date, SBA did not possess any records that were the source of the SBGR Information published in the FY 2006 SBGR, nor did it have a means to extract such records data from FPDS.

On September 20, 2007, the American Small Business League ("ASBL") filed concurrent and nearly identical FOIA requests with SBA and GSA, seeking the "specific names of firms that were coded as small businesses for FY 2006 and the specific dollar amounts that were awarded to those firms."[2]  On or about that date, in discussions between SBA and GSA officials, SBA also requested that GSA provide it the source data for the SBGR Information. On or about September 28, 2007, GSA provided access to a copy of such source data to Robert Connelly, Program Analyst at SBA. The source data, derived from the FPDS Oracle software database, was located on an internet .ftp site and was in the form of 24 .txt files of ASCII tab delimited text information, which had been compressed into 24 .zip files (the "Source Data"). The Source Data is unmanageable without being loaded into database software, such as Oracle or Microsoft Access.

In October 2007, SBA downloaded the Source Data from GSA's .ftp site and attempted to import it into Microsoft Access in order to review it for its own purposes.[3]  Notably, this was not done for the purpose of creating the FY 2006 SBGR, which had already been published and was based upon specific information sent to SBA by GSA. Unfortunately, SBA's attempt to import the source data into Access was only partially successful. It contained approximately 64,476 "import errors" – pieces of data that did not transfer to the Access file, such as small business names and dollar amounts – the very information sought by the FOIA requests. Thus, the Access database created by SBA was neither the source of the SBGR Information, nor a complete representation of

---

[2]The request to GSA also requested similar data for FY 2005.

[3]SBA's Office of Government Contracting does not have Oracle database software, as it relies upon FPDS for a database of federal contracting data. However, SBA's Office of Government Contracting has Microsoft Access on its workstation computers.

1    the Source Data used by FPDS in creating the SBGR Information.

2        By email dated October 4, 2007, Rodney Lantier, Director of FPDS-Next Generation at

3    GSA, informed Robert Connelly at SBA that GSA had received a FOIA request from ASBL.  To

4    that email, Lantier attached a copy of ASBL's FOIA request to GSA, as well as a draft of GSA's

5    response to that request.

6        By email dated October 15, 2007 from Rodney Lantier to ASBL, GSA transmitted its

7    response to ASBL's FOIA request, offering ASBL access to the Source Data available on the .ftp

8    site.  This was the same Source Data to which SBA had been given access to two weeks previously.

9        Aware of GSA's response, SBA responded to ASBL's FOIA request by email dated

10   October 24, 2007, explaining that SBA does not have the information ASBL sought in the format

11   ASBL specified.  Although ASBL had refused in its request to accept information from FPDS, SBA

12   directed ASBL to the only repositories of the information ASBL sought: FPDS itself and the Source

13   Data that had already been made available to ASBL by GSA.

14       On or about November 19, 2007, ASBL accepted GSA's offer for access to the Source Data

15   by requesting a password to access the .ftp site.  GSA transmitted the password to ASBL by

16   telephone on November 20, 2007.  On or about that same day, November 20, 2007, apparently

17   dissatisfied with both GSA and SBA's responses to their FOIA requests, ASBL filed an appeal of

18   its FOIA request with SBA.   In its appeal, ASBL argued that it is "not credible" and "difficult to

19   believe" that SBA does not have in its possession a list of all small businesses and their federal

20   contract amounts, separate from the information which GSA retrieves from FPDS for the SBGRs.

21       On or about December 18, 2007, SBA responded to ASBL's appeal, stating once again that

22   SBA neither collects nor possesses the specific information ASBL requested.  Two days later, on

23   or about December 20, 2007, ASBL filed an appeal of its FOIA request with GSA, arguing that

24   under applicable law, GSA is required to search for and retrieve the requested information from the

25   Source Data.  Subsequently, on or about February 4, 2008, after extensions agreed to by ASBL,

26   GSA responded to ASBL's appeal by providing it with two Microsoft Excel spreadsheets.[4]  These

27

28

[4]One contained the FY 2005 data and the other contained the FY 2006 data.

JOINT CASE MANAGEMENT STATEMENT
C 08-0829 MHP                          4

1    files consisted of lists of the small businesses and contract amounts that were the source of the

2    numbers in the SBGR.  Moreover, the dollar amounts in these records added up to the total numbers

3    in the SBGRs.  Two days later, on February 6, 2008, ASBL filed the instant action against SBA.

4    ASBL's action seeks production of the same material it received from GSA.

5    <u>Plaintiff, The American Small Business League ("ASBL") contends the following</u>:

6    The SBA is the federal agency responsible for administering every aspect of the United

7    States government's small business contracting program, which is designed to insure that a certain

8    portion of government contracts are awarded to small businesses. The SBA is charged with

9    enforcing the Small Business Act, establishing policies, and annually reporting on a regular basis

10   on the volume of contracts awarded to small businesses. It regularly issues press releases, speaking

11   with authority on the number of contracts being awarded to small businesses.

12   On August 20, 2007 the SBA announced its annual "Small Business Goaling Report" stating

13   that $77.7 Billion dollars in federal contracts were awarded to small businesses in 2006. ASBL

14   requested a list of the firms that were identified as small businesses, and the contract amounts

15   awarded to such firms, which the SBA based its $77.7 billion dollar figure.  ASBL specifically

16   stated that a reference to the Federal Procurement Data Service, (FPDS) an online database which

17   contains information an all federal contracts, would not be considered an adequate response. The

18   reason for this condition is that there was no practicable means of separating out the small business

19   contracts identified and used by the SBA in compiling the 77 billion dollar figure.

20   The SBA responded that  "The SBA does not collect or maintain small business data in the

21   format that you requested" and told ASBL to contact a private firm to obtain access to the FPDS so

22   that the ASBL could sift through the data base and derive its own list of small business contractors.

23   However, the FPDS is a relational data base, and ASBL did not have the parameters used by the

24   SBA to extrapolate the same data that the SBA obtained.

25   The problem with the SBA's response is perhaps best illustrated by analogy. It is as if we

26   asked an agency to justify its claimed number of Hispanic –surnamed persons in San Francisco and

27   they handed us a phone book and told us to count them ourselves. Since we don't know what

28   parameters the agency used in defining the parameter "Hispanic surnamed", we cannot be expected

to duplicate its results. Nor should we have to.  ASBL did not, as claimed, "refuse" data from the FDPS. Instead, ASBL merely stated that pointing to the phone book- -or more accurately  an entire library of phone books—would not be considered an adequate response.

In response to this lawsuit , ASBL is now being told both that the information is readily available, and/or  the SBA never had a list of small businesses, or another agency should have provided the information.  The SBA's reliance on ASBL's continuing (and to date unsuccessful) efforts to obtain this data from the GSA are in fact irrelevant to the instant action. If GSA has the "list" it is SBA's duty to obtain it and produce it.

3. <u>Legal Issues</u>: Whether Defendant had responsive documents and if so, whether Defendant wrongfully withheld agency records.

4. <u>Motions</u>: Defendant will move for summary judgment.

5. <u>Amendment of Pleadings</u>: None.

6. <u>Evidence Preservation</u>: None.

7. <u>Disclosures</u>: This case is decided on the administrative record, and as such is exempt from initial disclosures. Fed R. Civ. P. 26(a)(1)(E)(i). However, Defendant has provided Plaintiff with the administrative record it intends to submit in support of its motion for summary judgment.

8. <u>Discovery</u>: Defendant contends that discovery is not necessary or appropriate in this FOIA case.

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff asks the Court to compel Defendant to deliver, in its entirety, the list of small businesses and contract amounts such businesses were awarded which SBA extracted from the FDPS-Next Generation, or obtained from any other process and/or through any other agency which the SBA used to calculate the total of $77.7 billion dollars referred to in the August 20, 2007 press release.  Defendant avers it did not extract that information from the FDPS-NG, and that rather, the press release was based on the 2006 SBGR provided to SBA by GSA.  Accordingly, Defendant asks the Court to grant summary judgment in its favor.

12. <u>Settlement and ADR</u>: The parties filed a Joint Motion to Be Exempt From Formal ADR on May 1, 2008.

13. <u>Consent to Magistrate Judge for All Purposes</u>: Defendant has declined assignment of this case to a United States Magistrate Judge.

14. <u>Other References</u>: None.

15. <u>Narrowing of Issues</u>: None.

16. <u>Expedited Schedule</u>: The parties believe this matter can be solved through motions.

17. <u>Scheduling</u>: The parties suggest the following dates:

| | |
|---|---|
| Defendant's Motion for Summary Judgment: | June 23, 2008 |
| Plaintiff's Opposition, Cross-Motion, or 56(f) motion: | July 7, 2008 |
| Defendant's Reply, Opposition: | July 14, 2008 |
| Plaintiff's Reply: | July 28, 3008 |
| Hearing: | August 11, 2008, at 2:00 p.m. |

18. <u>Trial</u>: This case can be decided on motion; no trial is necessary.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: The disclosure requirement in Civil L. R. 3-16 does not apply to governmental entities.

20. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter</u>: None.

Dated: May 9, 2008                              Respectfully submitted,

                                                JOSEPH P. RUSSONIELLO
                                                United States Attorney


                                                _____/s/_____
                                                MELANIE L. PROCTOR[5]
                                                Assistant United States Attorney
                                                Attorneys for Defendants

Dated: May 9, 2008                              _____/s/_____
                                                RICHARD BELSHAW
                                                Attorney for Plaintiff

_____

[5]I, Melanie L. Proctor, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

JOINT CASE MANAGEMENT STATEMENT
C 08-0829 MHP                              7

1

2                           **CASE MANAGEMENT ORDER**

3          The Joint Case Management Statement and Proposed Order are hereby adopted by the Court

4    as the Case Management Order for the case, and the parties are ordered to comply with this Order.

5

6    Dated:                              _____

7                                        MARILYN H. PATEL
                                         United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28