JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-7169

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION <br><br> Defendant. | No. C 08-0829 MHP <br><br> NOTICE OF MOTION AND DEFENDANT'S MOTION TO DISMISS <br><br> Date: August 11, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 15 |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that on Monday, August 11, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Marilyn Hall Patel, the United States Small Business Association, will move the Court to dismiss this action with prejudice for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), in the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California.

The Motion is based on this notice, the memorandum points and authorities, the declarations of Robert L. Connolly and Earl Warrington, and the pleadings on file with the Court. Defendant's counsel met and conferred with Plaintiff's counsel prior to filing this motion. See Declaration of Melanie Proctor.

///

## II.  RELIEF SOUGHT

The United States Small Business Administration ("Defendant") seeks an order dismissing this action with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. At all times through the administrative processing of Plaintiff's Freedom of Information Act ("FOIA") request, Defendant was not in possession of the records Plaintiff sought.  Moreover, Plaintiff has now indisputably received the records sought from the General Services Administration.  Accordingly, there is no relief to be provided, and the Complaint should be dismissed for lack of subject matter jurisdiction.

## III.  ISSUES PRESENTED

1. Whether Defendant improperly withheld agency records.

2. Whether the Complaint is moot where Plaintiff has received the records he sought from a third party.

## IV.  STATEMENT OF FACTS

In a FOIA request, the Plaintiff requested from Defendant the "specific names of firms that were coded as small businesses for FY 2006 and the specific dollar amounts that were awarded to those firms." Complaint, Letter dated September 20, 2007.  Defendant responded to Plaintiff's request and subsequent appeal by informing Plaintiff that Defendant did not possess that information, but rather, that such information was in the possession of the General Services Administration ("GSA").  Complaint, E-mail dated October 24, 2007 and Letter dated December 18, 2007.  Plaintiff had made a nearly identical FOIA request to GSA; on February 5, 2006, GSA transmitted by e-mail a .zip file containing two spreadsheet files containing a list of the small businesses and contract amounts. Declaration of Early Warrington ("Warrington Decl."),[1] p. 2 ¶¶ 9-10; id., Exh. A.  On February 6, 2008, Plaintiff brought this action, challenging Defendant's response.  Elec. Dkt. No. 1.

At the initial case management conference, the Court directed Defendant to "provide documents from GSA as requested by" Plaintiff. Elec. Dkt. No. 12.  On May 30, 2008, the GSA

---

[1] The Warrington Declaration was submitted in support of Defendant's Status Report, and is available at Electronic Docket No. 13.

NOTICE AND MOTION
C 08-0829 MHP                                            2

1  transmitted to Plaintiff an additional copy of its February 5, 2008 response to Plaintiff's request for
2  records. Warrington Decl., p. 12 ¶ 12; id., Exh. B.

3  **V.   ANALYSIS**

4  A.   LEGAL STANDARDS UNDER RULES 12(B)

5  A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. See
6  e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039-40 (9th Cir. 2003), cert. denied,
7  541 U.S. 1009 (2004). A motion will be granted if the complaint, when considered in its entirety,
8  on its face fails to allege facts sufficient to establish subject matter jurisdiction. Id. at 1039 n.2.
9  "When a defendant moves to dismiss a complaint for lack of subject matter jurisdiction pursuant to
10  Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to
11  decide the claim." R.K., ex rel. T.K. v. Hayward United School Dist., No. C 06-7836 JSW, 2007
12  WL 2778702, at *4 (N.D. Cal. Sept. 21, 2007), citing Thornhill Publ'n Co. v. General Tel. & Elecs.
13  Corp., 594 F.2d 730, 733 (9th Cir. 1979).

14  A motion to dismiss for lack of subject matter jurisdiction may take two forms: facial or
15  factual. R.K., 2007 WL 2778702, at *4, citing Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039
16  (9th Cir. 2004). When the jurisdictional attack is "facial," the Court accepts the factual allegations
17  of the complaint as true, and construes those facts in the light most favorable to the non-moving
18  party. R.K., 2007 WL 2778702, at *4. If the attack is "factual," the Court may consider "affidavits
19  or other evidence that would be properly before the Court, and the non-moving party is not entitled
20  to any presumptions of truthfulness with respect to the allegations in the complaint." Id. Here,
21  because Defendant disputes Plaintiff's allegations regarding the existence of any responsive records,
22  the jurisdictional attack is factual, and the Court may consider the submitted declarations. Land v.
23  Dollar, 330 U.S. 731, 735 n. 4 (1947); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th
24  Cir. 1983).

25  B.   DEFENDANT DID NOT IMPROPERLY WITHHOLD AGENCY RECORDS

26  In a FOIA action, the Court's jurisdiction is dependent on a showing that Defendant "(1)
27  improperly (2) withheld (3) agency records." United States Department of Justice v. Tax Analysts,
28  492 U.S. 136, 142 (1989) (internal quotation marks omitted), quoting Kissinger v. Reporters

Committee for Freedom of Press, 445 U.S. 136, 150 (1980); see 5 U.S.C. § 552(a)(4)(B). Plaintiff must establish each of the three criteria to establish jurisdiction. Tax Analysts, 492 U.S. at 142. Here, because there were no agency records to be produced, only the latter two factors are at issue.[2]

### 1.    There Were No Agency Records To Be Produced

In its Complaint, Plaintiff asked the Court to compel Defendant "to deliver, in its entirety, the list of small businesses and the contract amounts such businesses were awarded which SBA extracted from the FDPS-NG, or obtained through any other process and/or through any other agency, which the SBA used to calculated [sic] it announced total of $77.7 billion dollars referred to in its press release of August 20, 2007." Plaintiff's complaint is premised on the mistaken assumption that Defendant was in possession of such information. As of December 18, 2007, the date of Defendant's final response to Plaintiff, Defendant did not possess that list. Declaration of Robert L. Connolly ("Connolly Decl."), p. 2 ¶ 8.

It is a well established principle that for records to become agency records, the agency must first, "'either create or obtain' the requested materials," and second, "must be in control of the requested materials at the time the FOIA request is made." Tax Analysts, 492 U.S. at 144-45 (emphasis added). Moreover, the Supreme Court has explained that "the requirement that the materials be in the agency's control at the time the request is made accords with our statement in [Forsham v. Harris, 445 U.S. 169 (1980)] that the FOIA does not cover 'information in the abstract.'" Id. at 145-46. In Forsham, the requesting party sought from the former Office of Health, Education, and Welfare data developed by a private group of physicians, which formed the basis of published reports relied upon by the Food and Drug Administration in taking certain actions. Forsham, 445 U.S. at 170-75. Ultimately, the Court held that data generated, owned, and possessed by a private third party are not "agency records" within the meaning of FOIA "when copies of those data have not been obtained by a federal agency subject to the FOIA." Id. at 170. The Court also held that federal funding in combination with a federal right of access to the data did not render the data "agency records." Id.

---

[2] If there are any records, then they may be withheld only if they fall within one of the exemptions specified in FOIA. Tax Analysts, 492 U.S. at 151.

1    Here, Plaintiff cannot demonstrate either that Defendant created or obtained the requested materials, or that such materials were in control of Defendant at the time the FOIA request was made. First, as explained in the Connolly Declaration, Defendant neither creates nor obtains the information Plaintiff sought. Connolly Decl., p. 2 ¶¶ 6-7. As in Forsham, Defendant relied on data supplied by a third party to publish a report. Connolly Decl., pp. 1-2 ¶¶ 5-6. The data Defendant receives is identical to that which is published in the Small Business Goaling Reports. Id., p. 2 ¶ 6. Second, as of December 18, 2007, the date of Defendant's final response to Plaintiff, Defendant did not possess the information Plaintiff sought. Id., p. 2 ¶ 8. Accordingly, Plaintiff cannot establish that Defendant was in control of the requested materials at the time the FOIA request was made, and thus cannot establish that any such agency records existed. Tax Analysts, 492 U.S. at 144-45.

### 2. Defendant Did Not Withhold Agency Records

In Kissinger, the Supreme Court determined that Congress did not believe "that an agency improperly withholds a document which has been removed from the possession of the agency prior to the filing of the FOIA request." Kissinger, 445 U.S. at 150-51. There, the former Secretary of State transferred summaries of certain telephone conversations first to a private residence, and then to the Library of Congress. Id. at 141-42. Two of the FOIA requests at issue in Kissinger implicated the term "withheld." Tax Analysts, 492 U.S. at 148. Each of the two requests were made only after the summaries had been physically delivered to the Library. Id. The Court found that fact dispositive, and "refused to order the State Department to institute a retrieval action against the Library." Id. Notably, the Court stated that the FOIA's structure and legislative history make clear that agency control over requested materials is a "prerequisite to triggering any duties under the FOIA." Kissinger, 445 U.S. at 151 (emphasis added). The Court also noted that "[t]here is no question that a 'withholding' must here by gauged by the time at which the request is made since there is no FOIA obligation to retain records prior to that request." Id. at 155 n.9.

Here, as discussed above, at all times during the administrative processing of Plaintiff's FOIA request, Defendant did not have the records Plaintiff sought. Connolly Decl., p. 2 ¶ 8. It necessarily follows that because Defendant did not have any responsive records, it did not "withhold" records.

NOTICE AND MOTION
C 08-0829 MHP                                    5

### C. PLAINTIFF'S COMPLAINT IS MOOT

On May 30, 2008, GSA transmitted to Plaintiff a second copy of its response to Plaintiff's FOIA request. Warrington Decl., p. 2 ¶ 12. The Ninth Circuit has explained that "[a] moot action is one in which the parties lack a legally cognizable interest in the outcome." Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1989), citing Sample v. Johnson, 771 F.2d 1335, 1338 (9th Cir. 1985). Here, Plaintiff has twice received the information it sought. Accordingly, the Complaint is moot, and should be dismissed. See, e.g., Goland v. Central Intelligence Agency, 607 F.2d 339, 347 n.46 (D.C. Cir. 1978) ("Where a record is requested which is of concern to more than one agency, the request should be referred to the agency whose interest in the record is paramount, and that agency should make the decision to disclose or withhold . . . ."); Elliot v. Nat'l Archives and Records Admin., 518 F. Supp. 2d 257, 266 (D.D.C. 2007) ("results from a search for records maintained by another agency are irrelevant and are not probative of the adequacy of NARA's search."); MacLean v. U.S. Dept. of Army, 2007 WL 935604, at *18 (S.D. Cal. Mar. 20, 2007) (finding that FOIA does not require that an agency release records simply because another agency in possession of similar records has done so); Sonds v. Huff, 391 F. Supp. 2d 152, 160 (D.D.C. 2005) (finding that an agency "[i]s not required to respond to a FOIA request that should be directed to another agency.").

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to dismiss the Complaint for lack of subject matter jurisdiction.

Dated: June 12, 2008                                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendant

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-7169

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| AMERICAN SMALL BUSINESS LEAGUE, | ) ) ) | No. C 08-0829 MHP |
| Plaintiff, | ) ) | |
| v. | ) ) | DECLARATION OF MELANIE PROCTOR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION | ) ) ) | |
| Defendant. | ) ) | |

I, Melanie Proctor, declare and state as follows:

1.  I am employed by the United States Attorney's Office, Northern District of California, as an Assistant United States Attorney. My current employment address is 450 Golden Gate Avenue, Box 36055, San Francisco, California, 94102. I am the attorney assigned to the above-captioned matter.

2.  On Monday, June 9, 2008, I contacted Plaintiff's counsel via electronic mail to inquire whether Plaintiff would stipulate to dismissal of this matter. I attached to that e-mail a proposed stipulation to dismiss, which included a waiver of attorney's fees and costs.

3.  On Tuesday, June 10, 2008, Plaintiff's counsel replied to my e-mail, and indicated that he needed to discuss the attorney's fees issue with his client.

4.  On the same date, I replied to Mr. Belshaw, and indicated that if a stipulation could

PROCTOR DECLARATION
C 08-0829 MHP                                   1

1  not be reached, I would file a motion to dismiss. I requested that he advise me of his availability for
2  a hearing on the motion.

3      5.    On June 10, 2008, at approximately 4:00 p.m., I called Mr. Belshaw to inquire
4  whether he had been able to discuss the proposed stipulation with his client. In that conversation,
5  we discussed the possibility of stipulating to dismiss without specifying whether the parties should
6  bear their own costs and fees, as well as the possibility of asking the Court to postpone the status
7  conference scheduled for June 16, 2008. At the close of the conversation, we agreed that if I did not
8  hear from Mr. Belshaw prior to 1:00 p.m. on June 11, 2008, I would contact him to discuss the
9  matter further.

10      6.    On June 11, 2008, at approximately 1:00 p.m., I contacted Mr. Belshaw by telephone.
11  I left a voice message stating that Defendant was not amenable to stipulating to dismiss without
12  specifying that the parties should bear their own costs and fees. I followed the voice message with
13  an e-mail in which I explained Defendant's legal position, and suggested joining in a motion to
14  vacate the status conference scheduled for June 16, 2008.

15      7.    Mr. Belshaw contacted me shortly thereafter, and indicated that a family obligation
16  had precluded him from taking my call. Upon his return to the office, we spoke again, and agreed
17  to jointly move the court to vacate the status conference. He stated that he would call me on
18  June 12, 2008, to discuss the issue of whether the case ought to be dismissed.

19      8.    At approximately 3:00 p.m., I contacted Mr. Belshaw. We agreed upon
20  August 11, 2008 for a hearing on Defendant's Motion.

21      I declare under penalty of perjury that the foregoing is true and correct.
22      Signed this 12th day of June, 2008, in San Francisco, California.

23                                                /s/
                                   MELANIE L. PROCTOR
24
25
26
27
28

PROCTOR DECLARATION
C 08-0829 MHP                         2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION<br><br>Defendant. | No. C 08-0829 MHP<br><br>DECLARATION OF ROBERT L. CONNOLLY |

I, ROBERT L. CONNOLLY, declare as follows:

1. I have served as Program Analyst in the Office of Government Contracting of the U.S. Small Business Administration ("Defendant") for eight years.

2. In my capacity as Program Analyst, my responsibilities include, among others, coordination with the General Services Administration ("GSA") regarding federal government contracting data.

3. Under the Small Business Act, at 15 U.S.C. §§ 644(g)(1), (2), Defendant is responsible for setting goals in conjunction with federal agencies for small business participation in federal contracts. As required by the Small Business Act, at 15 U.S.C. 644(h)(2), Defendant submits an annual report to Congress regarding these goals and small business participation, entitled the Small Business Goaling Report.

4. Defendant does not maintain a database or list of the specific names of the firms that were coded as small businesses in any given year or the specific dollar amounts that were awarded to those firms. Instead, SBA utilizes the Federal Procurement Data System – Next Generation ("Data System") in collaboration with the Data System's manager, GSA, to extract small business contracting information for Defendant's use.

5. Defendant has defined parameters for GSA's use in programming the Data System to generate certain information regarding small business participation in federal contracts. GSA causes

CONNOLLY DECLARATION
C 08-0829 MHP                                                    1

1  the Data System to generate this information for the purpose of creating Defendant's annual Small
2  Business Goaling Reports to Congress and the public.
3  6.    Defendant does not compute or alter this information generated by the Data System. As
4  such, the information is identical to that which Defendant submits to Congress in its annual Small
5  Business Goaling Reports.
6  7.    When GSA transmits to Defendant the information generated by Data System, GSA does not
7  provide Defendant with the specific names of the firms that were coded as small businesses and the
8  specific dollar amounts that were awarded to those firms.
9  8.    As of December 18, 2007, the date of Defendant's final response to Plaintiff, Defendant did
10 not possess the specific names of the firms that were coded as small businesses and the specific
11 dollar amounts that were awarded to those firms for fiscal years 2005 or 2006, nor did Defendant
12 have the ability to extract that specific information from the Data System or any other source.
13       I declare under penalty of perjury that the foregoing is true and correct.
14
15 Executed on 5/30/2008                   *Robert Connolly*
                                            ROBERT L. CONNOLLY
16                                          Program Analyst
                                            Office of Government Contracting
17                                          U.S. Small Business Administration

CONNOLLY DECLARATION
C 08-0829 MHP                              2

1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  MELANIE L. PROCTOR (CSBN 228971)
   Melanie.Proctor@usdoj.gov
4  Assistant United States Attorney

5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
6  Telephone: (415) 436-6730
   FAX: (415) 436-7169
7
   Attorneys for Defendant
8
                   UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

| | | |
|---|---|---|
| AMERICAN SMALL BUSINESS LEAGUE, | ) ) ) | No. C 08-0829 MHP |
| Plaintiff, | ) ) | |
| v. | ) ) ) | PROPOSED ORDER ON DEFENDANT'S MOTION TO DISMISS |
| UNITED STATES SMALL BUSINESS ADMINISTRATION | ) ) ) | Date: August 11, 2008<br>Time: 2:00 p.m.<br>Courtroom: 15 |
| Defendant. | ) ) | |

The United States Small Business Administration ("Defendant") seeks an order dismissing this action with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

In a Freedom of Information Act ("FOIA") action, the Court's jurisdiction is dependent on a showing that Defendant "(1) improperly (2) withheld (3) agency records." United States Department of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (internal quotation marks omitted), quoting Kissinger v. Reporters Committee for Freedom of Press, 445 U.S. 136, 150 (1980); see 5 U.S.C. § 552(a)(4)(B). Plaintiff must establish each of the three criteria to establish jurisdiction. Tax Analysts, 492 U.S. at 142. For records to become agency records, the agency must first, "'either create or obtain' the requested materials," and second, "must be in control of the requested materials at the time the FOIA request is made." Tax Analysts, 492 U.S. at 144-45 (emphasis

PROPOSED ORDER
C 08-0829 MHP                                1

1 added). Here, Plaintiff cannot demonstrate either that Defendant created or obtained the requested
2 materials, or that such materials were in control of Defendant at the time the FOIA request was
3 made. Declaration of Robert L. Connolly ("Connolly Decl."), p. 2 ¶ 8.
4 Moreover, Plaintiff has received the requested documents from the General Services Agency.
5 MacLean v. U.S. Dept. of Army, 2007 WL 935604, at *18 (S.D. Cal. Mar. 20, 2007) (finding that
6 FOIA does not require that an agency release records simply because another agency in possession
7 of similar records has done so); Sonds v. Huff, 391 F. Supp. 2d 152, 160 (D.D.C. 2005) (finding that
8 an agency "[i]s not required to respond to a FOIA request that should be directed to another
9 agency.").
10 As such, the Complaint shall be DISMISSED, with prejudice. The Clerk shall close the file.
11 IT IS SO ORDERED.
12 Dated:

                                                  MARILYN HALL PATEL
                                                  United States District Judge