1  ROBERT E. BELSHAW, State Bar No. 142028
   Of Counsel
2  GUTIERREZ & ASSOCIATES
   244 California
3  San Francisco, California 94111
   Telephone: (415) 398-2385
4  Facsimile: (415) 398-5800

5  Attorneys for Plaintiff
   American Small Business League
6

7
                        UNITED STATES DISTRICT COURT
8
                       NORTHERN DISTRICT OF CALIFORNIA
9
                          SAN FRANCISCO DIVISION
10

11 | American Small Business League         | Case No. C 08-0829 MHP
   |                                        |
12 |           Plaintiff,                   | Opposition to Defendant's Motion to Dismiss
   |                                        |
   |        v.                              | Date: August 11, 2008
13 |                                        | Time: 2:00 p.m.
   | United States Small Business Administration | Courtroom: 15
14 |                                        |
   |           Defendant.                   |
15

16                            I.  Introduction

17       The American Small Business League has received all of the substantive relief it sought in

18 this FOIA action. On May 19, 2008, this court ordered the Small Business Administration to turn

19 over the documents which were the subject of its FOIA request and on May 30, the Agency did so.

20 The American Small Business League accordingly considers this controversy *moot.*

21       Unfortunately, it must continue to litigate this matter. It what can only be seen as a rather

22 creative attempt to foreclose a claim for attorneys fees, the SBA seeks to have this matter

23 dismissed on the grounds that this court lacked subject matter jurisdiction on the sole basis that it

24 denies the case has any substantive merits, and notwithstanding the fact that this Court has already

25 exercised its jurisdiction to provide the plaintiff with all the relief asked.

26       The ASBL has repeatedly offered to stipulate to the dismissal of this action. The SBA has

27 repeatedly conditioned its agreement such a dismissal on the ASBL's waiver of its claim for costs

28 and fees.  The SBA could have moved to dismiss the matter as moot—which would have been

GUTIERREZ & ASSOCIATES
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111

                                        1
        **Opposition to Motion to Dismiss        Case No. C 08-0829MHP**

1
2
3
4

unopposed.  Instead, the Agency seeks to dismiss under FRCP 12(b)(1), which has the result of eliminating a plaintiff's statutory  attorneys fee claim. As a result, the ASBL is placed in the uniquely unfortunate and wasteful position of opposing the dismissal of an action that it agrees is moot.

5
6
7
8

As will be shown, the SBA is wrong, as a matter of law, on all legal the arguments it presents. It is wrong on procedure when it suggests that a 12(b) (1) is available to dismiss on the substantive merits. It is wrong on substantive law when it argues it had no FOIA obligation to search a data base to which it had access.

9

## II. Statement of Facts

10
11
12
13
14

On August 20, 2007 the SBA announced its annual "Small Business Goaling Report" stating that $77.7 Billion dollars in federal contracts were awarded to small businesses in 2006. In its FOIA request, ASBL sought the list of the firms that were identified as small businesses, and the contract amounts awarded to such firms, upon which the SBA based its $77.7 billion dollar figure.

15
16
17
18
19
20
21

The SBA responded that  "The SBA does not collect or maintain small business data in the format that you requested" and told ASBL to contact a private firm to obtain access to the Federal Procurement Data System so that the ASBL could sift through the data base and derive its own list of small business contractors. However, the FPDS is a relational data base, and ASBL did not have the parameters used by the SBA to extrapolate the same data that the SBA obtained—only the SBA has those parameters. See, Declaration of Robert Connolly, (filed by SBA in support of this motion) at par.5. This lawsuit followed.

22
23
24
25
26
27
28

In response to this action, ASBL was told both that the information was readily available, and/or the SBA never had a list of small businesses, or another agency (the General Services Agency) should have provided the information.  However, during the course of informal Rule 26 disclosures, SBA provided a few pages of what turned out to be a thousand page document consisting exactly what the ASBL had requested. On May 19th, this court ordered the SBA to have the entire document delivered to ASBL. The SBA did so on May 30th. Following several months of examination, the ASBL concluded that although the document may not be complete, or

GUTIERREZ & ASSOCIATES
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111

2

1    fully accurate, there is no evidence that the SBA has intentionally withheld information responsive

2    to the request.

3        On June 5, 2008 the SBA forwarded a proposed stipulation to dismiss the action

4    conditioned on a waiver of fees and costs. ASBL refused to waive its fees and costs, which at the

5    time comprised no more than $9,000.00 but stated its willingness to negotiate the fee claim. This

6    was overture was rejected by the SBA, and this motion was filed a week later.

7

8                            III.  Legal Discussion

9        A. This Action is Not Subject to Dismissal on a 12 (b)(1) Motion

10       As the underlying premise to its argument, the SBA argues that because it disputes that it

11   ever had responsive records, the matter is subject to dismissal for lack of subject matter

12   jurisdiction. This contention is without support. Plaintiff's nearly exclusive reliance *R.K. ex rel*

13   *T.K. v Hayward United School District,* N.D. Cal No. C 06-7836 is telling.  Not only is the case

14   unpublished and currently on appeal to the ninth circuit, but Judge White's discussion of 12 (b) (1)

15   is relevant to only his decision to dismiss a claim for failure to exhaust an administrative remedy:

16       "Exhaustion is a jurisdictional requirement. *Blanchard v. Morton Sch.Dist.*, 420 F.3d 918, 920-

17   21 (9th Cir. 2005) ("If a plaintiff is required to exhaust administrative remedies but fails to do so,

18   the federal courts do not have jurisdiction to hear the plaintiff's claim.')". Order of Dismissal,  p.8

19       The well recognized ability of a court to dismiss a matter for failure to satisfy procedural

20   prerequisites is far removed from seeking a dismissal on jurisdictional grounds based on the

21   defendant's view of the merits. Such quasi--summary judgment motions disguised as jurisdictional

22   challenges are simply not permitted. As the Supreme Court stated in *Citizens for a Better*

23   *Environment* (1998) 523 US 83, 89;

24           It is firmly established in our cases that the absence of a valid (as opposed
25       to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the
         courts' statutory or constitutional *power* to adjudicate the case. As we stated in
26       *Bell* v. *Hood,* 327 U.S. 678, 682 (1946), "[j]urisdiction … is not defeated … by
         the possibility that the averments might fail to state a cause of action on which
27       petitioners could actually recover." Rather, the District Court has jurisdiction if
         "the right of petitioners to recover under their complaint will be sustained if the
28

GUTIERREZ & ASSOCIATES
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111

3
**Opposition to Motion to Dismiss**        **Case No. C 08-0829MHP**

Constitution and laws of the United States are given one construction and will be defeated if they are given another," unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.". Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy. …..

…the failure of a cause of action does not automatically produce a failure of jurisdiction, or adopted the expansive principle that a statute saying "the district court shall have jurisdiction to remedy violations [in specified ways]" renders the existence of a violation necessary for subject-matter jurisdiction.

As the Ninth Circuit has explained in *Roberts v Corrothers* (9th Cir. 1987) 812 F2d 1173:

"Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood.*" In *Bell v. Hood*, the Supreme Court held that such dismissals are permitted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous."…

See also *Cement Masons Health and Welfare Trust Fund for No. Calif. V. Stone* (9th Cir 1999) 197 F.3d 1003, 1007-1008:

The failure to state a federal claim, either on the pleadings or the facts, is not the same thing as a failure to establish subject matter jurisdiction. Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits. As the Supreme Court wrote in *Bell v. Hood,* 327 U.S. 678, 682 (1946), Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover . . . . If the court . . . exercise[s] its jurisdiction to   determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be based on the merits, not for want of jurisdiction.

There is simply no authority which supports the SBA's contention that a claim can be dismissed for lack of subject matter jurisdiction absent a showing that the claim is wholly insubstantial or frivolous. *Bell, supra.* The SBA has made no such claim in support of this motion, nor has it attempted to show the claim is frivolous.  In the absence of such a showing, this motion must be denied.

4

**Opposition to Motion to Dismiss**          **Case No. C 08-0829MHP**

GUTIERREZ & ASSOCIATES
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111

B. <u>The SBA Improperly Withheld Agency Records</u>

Although the substantive arguments on the merits raised in support of the SBA's motion are not only moot but, as explained above, irrelevant to a motion challenging subject matter jurisdiction, the ASBL is nonetheless compelled to address them.  The Declaration of Robert Connolly, filed by the SBA in support of this motion, clearly demonstrates that the ASBL filled a meritorious FOIA action against the SBA. Connolly asserts " …the SBA <u>utilizes</u> the Federal Procurement Data System- Next Generation (Data System) <u>in collaboration with</u> the Data Systems Manager, <u>GSA </u>to extract small business contracting information for Defendant's use." Connolly Del. Par. 4. SBA "defined parameters" "to generate certain information"

Connolly admits that there is a data base SBA uses "in collaboration with… GSA" to obtain information. It "defines parameters" to generate information used in its goaling report. Thus, the SBA has "records" and is in control of the requested materials as defined in *US Department of Justice v Tax Analysts* 492 U.S. 136, 144-145. These are precisely the records sought through this FOIA request. The SBA's new defense appears to be that since it asks the GSA to "collaborate" using SBA defined "parameters" to extrapolate the data ASBL requested, it was only the GSA which had any obligation to provide records to ASBL, or alternatively, SBA had no obligation to "collaborate" with GSA and use the SBA parameters to extrapolate the information from a data base under its control. Both positions demonstrate a fundamental misunderstanding of the Agency's obligation under the Freedom of Information Act.

In fact, SBA had an obligation to work with GSA (if necessary) to mine the data base and collect the requested information.  Although prior to the enactment of the Electronic FOIA amendments, several courts held that agencies do not have to organize or reorganize file systems in order to respond to particular FOIA requests, to write new computer programs to search for "electronic" data not already compiled for agency purposes, or to aggregate computerized data files so as to effectively create new, releasable records. However, to promote electronic database searches, the Electronic FOIA amendments now require agencies to make

**Opposition to Motion to Dismiss**    **Case No. C 08-0829MHP**

GUTIERREZ & ASSOCIATES
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111

GUTIERREZ & ASSOCIATES
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111

1   "reasonable efforts" to search for requested records in electronic form or format "except when

2   such efforts would significantly interfere with the operation of the agency's automated

3   information system." 5 U.S.C. § 552(a)(3)(C) (2000)

4           The Electronic FOIA amendments expressly define the term "search" as meaning "to

5   review, manually or by automated means, agency records for the purpose of locating those records

6   which are responsive to a request." *Id.* ; *see Dayton Newspapers, Inc. v. Dep't of the Air Force,* 35

7   F. Supp. 2d 1033, 1035 (S.D. Ohio 1998) (preliminary ruling without entry of judgment)

8   (concluding that an estimated fifty-one hours required to "assemble" requested information from

9   an agency database "is a small price to pay" in light of the FOIA's presumption favoring

10  disclosure);  United States Department of Justice, FOIA Update, Vol. XVIII, No. 1, at 6 (advising

11  that search provisions of Electronic FOIA amendments do not involve record "creation" in

12  Congress's eyes.)

13          Notwithstanding the Agency's protestations, it is clear that the SBA at all relevant times,

14  had *control* of the information requested by the ASBL. The SBA did not claim that extracting the

15  information requested from the database was unduly burdensome, or would interfere with the

16  Agency's normal operation. Instead, because it did not have a single, prepared document with the

17  information requested by ASBL, it simply refused to provide a response.

18          C. ASBL Agrees That This Case is Moot

19           Although the ASBL finds that the data provided by the SBA as a result of this litigation is

20  incomplete, it has no evidence to support a claim that SBA did not comport with this courts order

21  of May 19, 2008. ASBL does dispute the factual contentions and legal arguments raised in this

22  portion of the SBA's moving papers.  ASBL did not receive the information requested twice, and

23  there is no competent evidence to support any contention that it did. Moreover, the legal

24  arguments raised in an attempt to support the mootness averment are not relevant either to that

25  claim or the facts present in this litigation. The declaration of Mr. Connolly is sufficient in itself to

26  establish that the SBA was the appropriate Agency to respond to ASBL's FOIA  request and the

27  appropriate defendant in this litigation.

28  \\

6
**Opposition to Motion to Dismiss**        **Case No. C 08-0829MHP**

1    Accordingly, ASBL requests that this Court deny SBA's motion in its entirety, dismiss

2   this case on the grounds of mootness, and retain jurisdiction for the purpose of an attorney's fee

3   motion.

4

5                                                    Respectfully Submitted,

6        Dated July 21, 2008                         Gutierrez & Associates

7

8

9                                                    /s/ Robert Belshaw
                                                     Attorneys for American Small
                                                     Business League

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GUTIERREZ & ASSOCIATES
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111

7

**Opposition to Motion to Dismiss**        **Case No. C 08-0829MHP**