JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6730
FAX: (415) 436-7169

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION<br><br>    Defendant. | No. C 08-0829 MHP<br><br>REPLY TO PLAINTIFF'S OPPOSITION<br><br>Date:     August 11, 2008<br>Time:     2:00 p.m.<br>Courtroom: 15 |

## I. INTRODUCTION

In opposition to Defendant's Motion to Dismiss, Plaintiff suggests that because Defendant did not label the Complaint as frivolous, the motion must be denied. The entire thrust of Defendant's Motion was that the Complaint was frivolous. Plaintiff received records from the General Services Administration ("GSA"), and then sued the United States Small Business Administration ("Defendant") for the very same records it had already received. Defendant has submitted sworn declarations explaining that those records were never in its possession or control. Accordingly, under well-established case law, the Court lacks subject matter jurisdiction, and the Complaint should be dismissed.

///

///

REPLY
C 08-0829 MHP                        1

## II.    ANALYSIS

### A.    THE COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiff attacks Defendant's legal standard for this motion, arguing that in citing a single case for the standard on Rule 12(b)(1) motions, Defendant failed to establish the matter is subject to dismissal. Plaintiff's Opposition, pp. 3-4. The entire thrust of Defendant's Motion establishes that Plaintiff's claim is wholly insubstantial and frivolous. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998). Moreover, it is well established that on a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing subject matter jurisdiction. Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979), quoting Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Easterly v. Department of Army, No. C 07-1259 JAM, 2008 WL 2054798, *2 (E.D. Cal. May 9, 2008).

This Court recently noted that once a defendant has presented evidence refuting the jurisdictional facts alleged in the complaint, "the plaintiff '<u>must</u> furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" Doe v. Hagee, 473 F. Supp. 2d 989, 994 (N.D. Cal. 2007), quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (emphasis added). As discussed further below, Plaintiff has failed to produce any competent evidence to contradict the declarations by Earl Warrington and Robert Connolly, both of which establish that Defendant did not have agency records responsive to Plaintiff's request. As such, the Complaint should be dismissed.

Plaintiff incorrectly suggests that Defendant is in control of the database at issue. As made clear by the Warrington and Connolly Declarations, the database is a repository maintained by GSA through a contractor. Status Report, Electronic Dkt. No. 13, Warrington Decl., p. 1 ¶ 3; Connolly Decl., p. 1 ¶ 4. While Defendant provides search parameters to GSA in order to obtain the information necessary for the Goaling Report, it is GSA which causes the database to generate the information. Connolly Decl., pp. 1-2 ¶ 5. That information and the Goaling Report are identical. Id., p. 2 ¶ 6. If Defendant had control over the database, such coordination with GSA would unnecessary.

Notably, "GSA does not provide Defendant with the specific names of the firms that were coded as small businesses and the specific dollar amounts that were awarded to those firms." Id., p. 2 ¶ 7. Thus, when Plaintiff made its request for that information under the Freedom of Information Act ("FOIA"), Defendant did not possess the records Plaintiff sought. See Complaint, Letter dated September 20, 2007; Connolly Decl., p. 2 ¶ 7. The United States Supreme Court has made it clear that is a controlling fact here. United States Department of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989) (holding that to become agency records, the agency must either create or obtain the requested materials and be in control of the records at the time the FOIA request is made). Here, Defendant did not possess the requested materials at the time Plaintiff made its FOIA request.[1] As such, there were no agency records to be produced, and the Court lacks jurisdiction. Tax Analysts, 492 U.S. at 142.

Plaintiff offers the interesting proposition that Defendant "had an obligation to work with GSA (if necessary) to mine the database and collect the requested information." Plaintiff's Opposition, p. 5. The statute Plaintiff cites does not stand for this proposition. Section 552(a)(3)(C), Title 5, United States Code, covers an agency's obligation to search its own records. Plaintiff's reading of the statute would grind all FOIA processing to a halt, as every agency would be required to work with every other agency to ensure that hundreds of government databases are searched for responsive records. Supreme Court precedent makes it clear that such a requirement does not exist: "[T]he requirement that the materials be in the agency's control at the time the request is made accords with our statement in [Forsham v. Harris, 445 U.S. 169 (1980)] that the FOIA does not cover 'information in the abstract.'" Tax Analysts, 492 U.S. at 145-46 (emphasis added); Forsham, 445 U.S. at 186 (holding on similar facts that " . . . FOIA applies to records which have been in fact obtained, and not to records which merely could have been obtained."). Plaintiff's argument flies in the face of this Supreme Court precedent.

///

///

---

[1] Plaintiff has never disputed this fact. See Plaintiff's Opposition.

### B. THE COMPLAINT WAS MOOT AT FILING

Plaintiff asserts that "there is no competent evidence" to suggest that Plaintiff received the records it sought prior to filing the instant complaint. Plaintiff's Opposition, p. 6. Contrary to Plaintiff's assertion, the Connolly and Warrington Declarations constitute such evidence. 28 U.S.C. § 1746. In sharp contrast, Plaintiff has never offered any competent evidence in support of its claim that the information it received on February 5, 2008 from GSA was insufficient. See INS v. Phinpathya, 464 U.S. 183, 188-89 n.6 (1984) (statements made by a counsel in a brief are not entitled to any evidentiary weight); see also Savage, 343 F.3d at 1039 n. 2 (requiring opposing party "to furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). The uncontroverted Warrington Declaration establishes that on February 5, 2008, Plaintiff received the information it sought.[2] Status Report, Electronic Dkt. No. 13, Warrington Decl., p. 2 ¶ 9, Exh. A. Accordingly, Plaintiff's Complaint was moot before he reached the courthouse door.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to dismiss the Complaint for lack of subject matter jurisdiction.

Dated: July 28, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

       /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendant

---

[2] GSA invited Plaintiff to contact the agency if it required any further information. Warrington Decl., p. 3 ¶ 11, Exh. A. Plaintiff did not do so; instead, Plaintiff initiated this action on February 6, 2008. Id., p. 3 ¶ 11; Electronic Dkt. No. 1.