UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE, | No. C 08-00829 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, | **Re: Motion for Summary Judgment** |
| Defendant. | |

The American Small Business League ("League") brings this action against the United States Small Business Administration ("SBA") under the Freedom of Information Act ("FOIA"), 5 U.S.C. section 552, to obtain information regarding federal contracts awarded to small businesses. Now before the court is defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(1). For the reasons explained below, the court construes the motion as a motion for summary judgment. Having considered the submissions and arguments of the parties, the court enters the following memorandum and order.

BACKGROUND

Congress created the United States Small Business Administration through the Small Business Act of July 30, 1953. See P.L. 83-163. The SBA's function is to "aid, counsel, assist and protect, insofar as is possible, the interests of small business concerns" and to "insure that a fair proportion of the total purchases and contracts or subcontracts for property and services" for the federal government "be placed with small-business enterprises." 15 U.S.C. § 631(a). The

SBA is "under the general direction and supervision of the President." P.L. 83-163, Sec. 204(a). The SBA is an "agency" within the meaning of FOIA. 5 U.S.C. § 552(f) (defining agency to include "any executive department" or "other establishment in the executive branch" of the federal government).

In August 2007, the SBA issued a press release announcing the release of its annual "Small Business Goaling Report" and stating that 77.7 billion dollars in federal contracts were awarded to small businesses in 2006. See Complaint, Exh. 1.

Plaintiff the American Small Business League is a California-based organization whose mission is to promote the interests of small businesses. Following release of the 2007 Goaling Report, the League requested from the SBA a list of the small business entities and contract amounts upon which the Report was based. See Complaint, Exh. 2.

The SBA informed the League that it does not maintain a list of small businesses or the amount of federal contracts awarded. Rather, the SBA utilizes a database maintained by the General Services Administration ("GSA"), providing GSA with parameters which GSA then uses to extract information from the database. See Complaint, Exhs. 3, 5; Connolly Dec. ¶¶ 4–5. The SBA directed the League to contact GSA to obtain access to the database, but without knowledge of the parameters used by the SBA to identify small business entities, the League was unable to extract from the database a list of entities upon which the SBA based its 2007 Goaling Report. Following an unsuccessful administrative appeal, the League filed this FOIA action on February 6, 2008.

After an initial case management conference on May 19, 2008 in which the court instructed the SBA to deliver the requested information to the League, the League eventually received the information it sought on May 30. Although the League asserts that the information provided by the SBA is incomplete and not fully accurate, it agrees with the SBA that this case is now moot since the League has received the documents it sought to obtain.

The SBA proposed a stipulation to dismiss the action conditioned on a wavier of fees and costs. The League refused to waive its fees and costs, but stated its willingness to negotiate the fee claim. The SBA rejected this overture and filed the present motion to dismiss for lack of subject matter jurisdiction.

## DISCUSSION

Congress enacted FOIA "to open agency action to the light of public scrutiny." United States Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (citations and quotations omitted). "Congress did so by requiring agencies to adhere to a general philosophy of full agency disclosure." Id. "Congress believed that this philosophy, put into practice would help ensure an informed citizenry, vital to the functioning of a democratic society." Id. When it passed the Electronic FOIA Amendments of 1996, Congress reaffirmed these basic principles, stating that "FOIA establishes a presumptive right for the public to obtain identifiable, existing records of Federal departments and agencies." H.R. 104-795, 1996 U.S.C.C.A.N. 3448 at 3449. Observing that "FOIA access to unpublished agency records [had] resulted in many disclosures of waste and fraud in the Federal Government," Congress stated that "FOIA disclosures, and the reactions they produce, are critical to maintaining an open and free society." Id. at 3450.

FOIA authorizes a federal district court to "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from [a] complainant." 5 U.S.C. § 552(a)(4)(B). Materials are "agency records" within the meaning of FOIA if two requirements are satisfied. First, an agency must "either create or obtain" the materials. Tax Analysts, 492 U.S. at 144. Second, the materials must be in "control" of the agency at the time the FOIA request is made, meaning that "the materials [must] have come into the agency's possession in the legitimate conduct of its official duties." Id. at 145.

The SBA's motion to dismiss, brought under FRCP Rule 12(b)(1), argues that the court does not have proper subject matter jurisdiction over this action because the SBA did not possess any agency records that were responsive to the League's request. The SBA argues that because it neither created nor obtained a list identifying specific small businesses which received federal contracts and the amount of those contracts, and because such information was not in control of the SBA at the time of the League's FOIA request, the information sought by the League cannot be considered "agency records" of the SBA.

As a threshold matter, the court notes the unusual procedural posture of the SBA's motion. The motion is styled as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

3

1  The court's subject matter jurisdiction, however, is clear.  This dispute presents a federal question
2  "aris[ing] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, because it
3  is brought pursuant to FOIA, 5 U.S.C. § 552, a federal statute.  Even if there are no "agency records"
4  that can be produced (which as will be seen below is not the case here), the question is not one of
5  "jurisdiction," but is one of the merits of plaintiff's claim and the court's corresponding authority to
6  order relief.  Cement Masons Health and Welfare Trust Fund v. Stone, 197 F.3d 1003, 1008 (9th Cir.
7  1999) (recognizing distinction between dismissal on the merits and dismissal for want of subject
8  matter jurisdiction); see also Arbaugh v. Y & H Corp., 546 U.S. 500 (2006) (noting "subject-matter
9  jurisdiction/ingredient-of-claim-for-relief dichotomy").

10        The SBA's motion is more appropriately understood as a Rule 56 motion for summary
11  judgment presenting the question of whether the materials requested by the League are "agency
12  records" within the meaning of FOIA.  The procedural vehicle of a motion for summary judgment
13  has been used to adjudicate similar issues in other FOIA cases.  See Tax Analysts, 492 U.S. at 140
14  (noting incorrectly that district court granted defendant's *motion to dismiss*, when in fact, district
15  court had granted defendant's *motion for summary judgment* and denied plaintiff's cross-motion for
16  summary judgment, Tax Analysts v. U.S. Dept. of Justice, 643 F. Supp. 740, 741 (D.D.C. 1986));
17  Forsham v. Harris, 445 U.S. 169, 176 (1980) (noting that district court granted defendant's motion
18  for summary judgment); Kissinger v. Reporter's Committee for Freedom of the Press, 445 U.S. 136,
19  145 (1980) (noting that cross-motions for summary judgment were filed in the district court).

20        Turning to the merits of the issue raised by the SBA's motion, the court has no trouble
21  concluding that the materials sought by the League are "agency records" of the SBA as required
22  under FOIA.  The SBA's declarant, Robert Connolly, explains that although the SBA itself "does
23  not maintain a database or list of the specific names of the firms that were coded as small businesses
24  . . . or the specific dollar amounts that were awarded to those firms," it "utilizes" a federal
25  procurement database "in collaboration with" the General Services Administration ("GSA") which
26  manages the database.  Connolly Dec. ¶ 4.  GSA's declarant, Earl Warrington, explains that as stated
27  in 48 C.F.R. section 4.602, the federal procurement database is the central repository of federal
28  government contracting information for use by various federal agencies in fulfilling their functions.

4

Warrington Dec. ¶ 3. It is the responsibility of various contracting agencies to ensure and certify that the information in the database is accurate. Id.

The SBA "define[s] parameters for GSA's use in programming the [database] to generate information regarding small business participation in federal contracts." Id. ¶ 5. Once the relevant programming and analysis is conducted by the GSA, the results are transmitted to the SBA for the SBA's use in preparing its annual Goaling Report. Id. Apparently, the SBA did not request and the GSA did not provide a list identifying small businesses, but rather only an aggregate amount of the total value of federal contracts awarded ($77.7 billion).

That the SBA never requested nor received from GSA a list identifying small business and that it is GSA and not the SBA itself that manages the underlying raw database, do not alter the conclusion that the records requested by the League were "agency records" of the SBA. First, the SBA was in "control" of the records at the time the League made its FOIA request because although it did not have direct access to the raw database, it had the authority and in fact exercised such authority to direct GSA to analyze the database and extract information from it. The parameters used to identify small businesses were determined by the SBA, not GSA, and without those parameters, GSA had no ability to conduct a meaningful analysis. Moreover, it is the SBA, not GSA, that Congress has charged with the duty to promote the interests of small businesses and to insure that a "fair proportion" of federal contracts are awarded to such entities. 15 U.S.C. § 631(a). The court finds curious the SBA's argument that it does not "control" the very information it needs to carry out its duties and functions.

Second, the records requested by the League had been "created" by the SBA at the time of the League's FOIA request. Although GSA provided to the SBA only an aggregate total value of contracts awarded to small businesses, in computing that statistic, the underlying raw data concerning individual firms and the contract amounts awarded must have already been created and in existence. That a list was never printed out in hardcopy format or never exported and saved as a separate electronic file apart from the raw database does not imply that such records had not been "created" at the time of the FOIA request. The Electronic FOIA Amendments of 1996, P.L. 104-231, amended the statute to require an agency responding to a request for records to "make

5

1   reasonable efforts to search for the records in electronic form or format." 5 U.S.C. § 552(a)(3)(C).
2   The legislative history of the Electronic FOIA Amendments makes clear that "application of codes
3   or some form of programming to retrieve" information found in computer records constitutes a
4   "search" for existing records, not the "creation" of new documents. H.R. 104-795, 1996
5   U.S.C.C.A.N. 3448 at 3465. That the SBA may have had to direct GSA to generate computer code
6   to extract and compile the list of small businesses and contract amounts requested by the League is
7   encompassed in the SBA's obligation to "search" for electronic records.

8         The SBA's reliance on Forsham is misplaced. In that case, the Supreme Court held that
9   "data generated by a privately controlled organization which has received grant funds from an
10  agency . . . , but which data has not at any time been obtained by the agency, are not 'agency
11  records' accessible under the FOIA." Forsham, 445 U.S. at 178. This case is distinguishable from
12  Forsham because it involves data collected, maintained, generated and analyzed by the federal
13  government, not a private grantee of federal funds. While the federal agency that happens to
14  maintain and house the data (GSA) is not the same agency upon which the FOIA request was made
15  (the SBA), the relationship between GSA and the SBA is such that the records maintained by the
16  GSA are effectively the records of the SBA itself. As the court has already discussed, it is the SBA,
17  not the GSA that effectively "controls" the information.

18        Perhaps the strongest evidence that the list sought by the League is an agency record of the
19  SBA is the SBA's own conduct in the course of this litigation. Following the initial case
20  management conference on May 19 in which the court directed the SBA to deliver the list to the
21  League, *the SBA in fact did so*. The SBA never claimed that extracting the information from the
22  federal procurement database would be unduly burdensome or would interfere with the Agency's
23  normal operation. See 5 U.S.C. § 552(a)(3)(C) (providing exception for searching electronic records
24  when such efforts "would significantly interfere with the operation of the agency's automated
25  information system"). It is peculiar that the SBA only now complains that the list was not an agency
26  record when that list has already been searched for, retrieved, and delivered by the SBA.

27        The court agrees with the League that the SBA's motion is simply a creative attempt to
28  foreclose a claim for attorneys fees by seeking to have this matter dismissed for lack of subject

6

matter jurisdiction on the (erroneous) basis that the case (purportedly) lacks any substantive merits, notwithstanding the fact that the court has already exercised jurisdiction to provide the plaintiff with the relief requested, and the SBA has in turn complied with the court's order.

The SBA's motion, which the court construes as a Rule 56 motion for summary judgment, is denied. The records sought by the League—a list of the individual businesses and contract amounts underpinning the SBA's Goaling Report stating that 77.7 billion dollars worth of federal contracts were awarded to such small businesses in 2006—are "agency records" within the meaning of FOIA, 5 U.S.C. § 552(a)(4)(B). The list was in the "control" of the SBA at the time of the League's FOIA request and can considered to have been "created" by the SBA. SBA's attempt to argue that the information sought by the League is not an "agency record" is the kind of bureaucratic foot-dragging that FOIA—by providing the public with free and open access to government records—was designed to avoid.

CONCLUSION

Defendant's motion is DENIED. The court DISMISSES this FOIA action as moot because the parties agree that defendant has delivered the records requested by the plaintiff.

IT IS SO ORDERED.

Dated: August 25, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7