ROBERT E. BELSHAW, State Bar No. 142028
Of Counsel
GUTIERREZ & ASSOCIATES
244 California Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-9000
Facsimile: (415) 398-5800

Attorneys for Plaintiff American Small Business League

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| AMERICAN SMALL BUSINESS LEAGUE | CASE NO. CASE NO. C 08-0829 MHP |
|---|---|
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**; **MEMORANDUM OF POINTS AND AUTHORITIES  [ND CA Rule 7-2(b)]** |
| v. | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION | **Date: November 17, 2008** |
| Defendants. | **Time : 2:00 p.m.** **Courtroom 15** **Hon. Marilyn Hall Patel** |

## I.  NOTICE OF MOTION

NOTICE IS HEREBY GIVEN that on November 17, 2008 at 2:00 p.m. in Courtroom 15 of the above entitled court, Plaintiff American Small Business League will and hereby does move this court for the payment of attorneys' fees incurred by said party in the within action.

## II.  RELIEF SOUGHT

This action was instituted by AMERICAN SMALL BUSINESS LEAGUE based on the alleged wrongful withholding of agency records in violation of a request under the Freedom of Information Act. The Court issued an order compelling defendant to produce the documents on

May 19, 2008.  Plaintiff has prevailed in obtaining an order requiring Defendant to release the documents originally requested under the Freedom of Information Act.

### III. MEMORANDUM OF POINTS AND AUTHORITIES

#### A.  Plaintiff is the Prevailing Party

The Freedom of Information Act permits the court "to assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. §552(4)(E).

American Small Business League initiated this action for injunctive relief under the Freedom of Information Act by filing its complaint on February 6, 2008. The complaint alleged wrongful withholding of agency records by the Small Business Administration and sought to compel the disclosure and release of a list of firms that were identified as small businesses, and the contract amounts awarded to such firms, upon which the SBA based its $77.7 billion dollar figure in its annual "Small Business Goaling Report" released on August 20, 2007.

In response to this action, ASBL was told both that the information was readily available, and/or the SBA never had a list of small businesses, or another agency (the General Services Agency) should have provided the information.  However, during the course of informal Rule 26 disclosures, SBA provided a few pages of what turned out to be a thousand page document consisting exactly what the ASBL had requested. On May 19th, this court ordered the SBA to have the entire document delivered to ASBL. The SBA did so on May 30th, 2008.

On June 5, 2008 the SBA forwarded a proposed stipulation to dismiss the action, conditioned on ASBL waiving its claims to attorneys fees and costs. ASBL refused to waive its fees and costs but stated its willingness to negotiate the fee claim. This was overture was rejected by the SBA.

One week later, and two weeks after turning over the responsive documents pursuant to the court's order, SBA filed a 12 (b)(1) Motion to dismiss for lack of subject matter jurisdiction. The SBA argued that that because it disputed that it ever had responsive records, this Court lacked jurisdiction over the matter.  Although ASBL agreed that the matter should be dismissed due to *mootness*, it was nevertheless forced to contest the motion as an ill-disguised effort on the part of

the SBA to avoid compensating ASBL for the fees and costs incurred in bringing this litigation. The Court denied SBA's motion to dismiss on the basis of lack of subject matter jurisdiction, but dismissed the action as moot.

Based on 5 U.S.C.(4)(E), the attorneys' fees provision in the Freedom of Information Act, Plaintiff requests an award of the fees and costs incurred by in litigating this action. Plaintiff is the prevailing party in this action. "A typical formulation is that plaintiffs may be considered "prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some benefit the parties sought in bringing suit." *Hensley v. Echkerhart*, 461 U.S. 424, 433 (1983). A party "prevails" when it receives a judicial imprimatur that " materially alters the legal relationship between the parties" *Buckhannon Bd. & Care Home Inc. v West VA. Dept. of Health & Human Resources* (2001) 532 U.S. 598, 605. According to the plain language of the statute, if the plaintiff filed a complaint to compel the disclosure and release of certain documents and then subsequently obtains the requested relief, the plaintiff has prevailed.

B. <u>The Attorneys' Fees Incurred In This Action Are Reasonable</u>

Once the district court determines that a plaintiff is a prevailing party, and thus entitled to a fee award, the court must then determine what is a "reasonable" attorney's fee. In *Hensley, supra* the Supreme Court outlined the standards for calculating a reasonable fee award:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

The American Small Business League seeks to recover $ 14, 970.00 in attorneys' fees and $371.00 in costs, in addition to those fees which are being incurred in bringing the within motion and in other proceedings as may be required. Those fees were actually billed to and have been paid by the moving party, a non profit organization. The attorneys' fees in this action reflect the hours actually worked researching and drafting the Complaint preparing for and attending the hearings in this matter, and opposing Defendant's subsequent FRCP 12 ( b) (1) Motion to Dismiss . The Declaration of Robert E. Belshaw, submitted in support of this motion, details the

1   qualifications and experience of counsel who were involved in this matter. Plaintiff requests that
2   this court award fees and costs in the amount actually incurred by Plaintiff.

                                                                               Respectfully submitted,
                                                                               GUTIERREZ & ASSOCIATES

Dated: September 22, 2008

                                                                               /S/_____
                                                                               Robert E. Belshaw, Esq.
                                                                               ATTORNEYS FOR AMERICAN SMALL
                                                                               BUSINESS LEAGUE

GUTIERREZ & ASSOCIATES
244 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111