ROBERT E. BELSHAW State Bar No. 142028
Of Counsel
GUTIERREZ & ASSOCIATES
244 California Street, Suite 300
San Francisco, California 94111
Telephone: (415) 398-2385

Attorneys for Plaintiff American Small Business League

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION<br><br>　　　　Defendants. | CASE NO.<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** |

### I. Introduction

The argument presented in its opposition to the ASBL's motion for attorneys' fees makes it readily apparent that the Small Business Administration will never cease litigating the substantive issues raised in this matter. Rather than attempt to establish that the fees requested are unreasonable, or argue that ASBL was not the prevailing party, the SBA instead treats this proceeding as a motion for reconsideration and simply reiterates the arguments rejected by this Court in the Agency's ill-founded Motion to Dismiss. This fee motion should not provide the venue to again rehash the SBA's positions, which will assumedly be the subject of the Agency's

appeal.[1]

## II. Plaintiff is the Prevailing Party

Although it cannot be reasonably argued that the ASBL failed to obtain " a judicial order" which defines prevailing party status, [5 USC 552 (a)(4)(E)(ii)] the SBA does exactly that. The Agency merely repeats the sleight of hand arguments raised and rejected in its Motion to Dismiss. Plaintiff had requested similar data from the General Services Administration for comparison purposes. However, the defendant in this FOIA action was the SBA, and for good reason. The SBA has for years made public statements that a very precise dollar value of contracts. (*e.g.* $77.8 billion for FY 2006) was awarded to "small businesses". The ASBL merely asked the SBA to share its list of small business which received those contracts. SBA claimed, and claims today (after producing its list in response to this court's order) it has no such list and directed ASBL to the massive Federal Procurement Data System (FPDS) and the GSA. However, the FPDS is a relational data base and without knowing the exact parameters used by SBA in extracting *its* list, there is no means by which anyone else, including the GSA, could duplicate, much less question, the SBA's published results. For that reason, a response from the SBA— rather than from another agency or private contractor-- was crucial in obtaining the precise information the Agency purportedly relied on in making its annual claims of small business contract volume.

//
//
/
//
//
//
//

---

[1] The SBA's attempt to relitigate the substantive issues is particularly disingenuous in this instance because the Agency rejected out of hand the ASBL's suggestion that the fee motion be postponed pending the outcome of the appeal.

That is precisely the relief the ASBL sought and obtained from this action. The SBA attempts to obfuscate this simple result by asserting that GSA had—in response to a separate FOIA request directed to a separate agency-- provided identical responsive data to ASBL the day before this lawsuit was filed. That assertion is irrelevant to this proceeding.[2] GSA is not a party to this action. The SBA was identified as the defendant in this action because the ASBL required the exact data relied on by that specific agency and needed to obtain it from that agency, or at the very least with that agency's imprimatur. The desired result was not obtained until the court ordered the SBA to provide the requested data.

### III. The Fees Claimed By ASBL Are Reasonable And Well Documented

SBA does not claim, or even suggest, that the fee amount claimed by Plaintiff is not reasonable and instead argues fee claim is not adequately documented. Northern District Civil L.R. 54-5 provides:

> (b) Form of Motion . Unless otherwise ordered, the motion for attorney fees must be supported by declarations or affidavits containing the following information:
> (1) A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held; and
> (2) A statement of the services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained. Depending on the circumstances, the Court may require production of an abstract of or the contemporary time records for inspection, including in camera inspection, as the Judge deems appropriate; and
> (3) A brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services.(Emphasis added)

---

[2] The ASBL was under the mistaken belief that the data provided by the GSA on February 5, 2008 in response to its FOIA request to the GSA was an incomplete subset of the data ultimately provided by the SBA in response to this court's order. However, in preparing for this motion, the GSA data was re-examined and determined to be substantially identical to that ultimately provided by the SBA.

1   Plaintiff has complied fully with the procedures set forth above. The SBA's questions

2   regarding the fee claim are as late as they are disingenuous. As part of the meet and confer

3   requirement set forth above, and at the Agency's request, SBA was provided with invoices

4   containing the general summary of the hours spent, rates, and costs on September 19, 2008, well

5   before the motion was filed. (Amended Declaration of Robert E. Belshaw in Support of Motion

6   for Attorneys Fees, Par.2) The SBA delayed providing any response to the invoices until

7   September 29, after the motion was filed, and only then objected to the substance and form of the

8   fee invoices[3]. A second meet and confer was conducted and a corrected set of invoices was

9   provided to SBA on October14. See, Declaration of Melanie L. Proctor, par. 4, 5.  That the

10  deficiencies in the original invoices merit so much discussion in the SBA's opposition brief filed

11  thirteen days after the corrected invoices were served merely illustrates the absence of any cogent

12  argument that the fee request is unreasonable.

14  Dated November 3, 2008                                 Respectfully submitted,

15                                                         GUTIERREZ & ASSOCIATES

17                                                         _____
18                                                         Robert E. Belshaw, Esq.
                                                           ATTORNEYS FOR AMERICAN SMALL
19                                                         BUSINESS LEAGUE

---

[3] The initial Declaration of Robert E. Belshaw filed in support of this motion reflected its preparation under pressure of time as a result of the SBA's delay in responding to ASBL's suggestion that this motion be continued pending the Agency's appeal.

-4-
**REPLY IN SUPPPORT OF MOTION FOR ATTORNEYS' FEES**