UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN SMALL BUSINESS LEAGUE,<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>              Defendant.<br>_____/ | No. C 08-00829 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Motion for Attorneys' Fees** |

      Plaintiff American Small Business League ("ASBL") filed this action against defendant, the United States Small Business Administration ("SBA"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging wrongful withholding of agency records. The parties were last before the court on a motion for summary judgment. In a memorandum and order filed August 25, 2008, the court denied the motion. See Docket No. 21 (MSJ Order) at 7. Now before the court is plaintiff's motion for attorneys' fees pursuant to 5 U.S.C. section 552(a)(4)(E). Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

      In August 2007, the SBA issued a press release announcing the release of its annual "Small Business Goaling Report" and stating that 77.7 billion dollars in federal contracts were awarded to small businesses in 2006. See Compl., Exh. 1. Subsequently, the ASBL, a California-based organization whose mission is to promote the interests of small businesses, requested from the SBA a list of the small business entities and contract amounts upon which the Report was based. See

Compl., Exh. 2. The SBA informed the ASBL that it does not maintain a list of small businesses or the amount of federal contracts awarded, but instead utilizes a database maintained by the General Services Administration ("GSA") and provides the GSA with parameters for extracting information from the database. See Compl, Exhs. 3, 5. The SBA suggested the ASBL contact the GSA for the requested information. However, without knowledge of the parameters used by the SBA to identify small business entities, the ASBL was unable to extract from the database a list of entities upon which the SBA based its Report. See MSJ Order at 2.

Following an unsuccessful administrative appeal, the ASBL filed this FOIA action on February 6, 2008. After an initial case management conference on May 19, 2008, during which the court instructed the SBA to deliver the requested information to the ASBL, the ASBL received the requested information on May 30. See MSJ Order at 2. On June 12, 2008, the SBA filed a motion to dismiss for lack of subject matter jurisdiction, which the court construed as a motion for summary judgment. In a memorandum and order denying the SBA's motion for summary judgment, the court determined that the requested records were agency records within the meaning of FOIA because the records were under the control of the SBA and had been created as of the time of the ASBL's request. See id. at 5-7. However, the court dismissed the action as moot because the records had been delivered. See id. at 7. The ASBL filed this motion for attorneys' fees on September 22, 2008.

LEGAL STANDARD

FOIA permits a court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A complainant substantially prevails if it receives relief through a judicial order or through a voluntary change in position by the agency. 5 U.S.C. § 552(a)(4)(E)(ii). Determining whether a complainant has substantially prevailed is a factual determination that requires the complainant to show that "(1) the filing of the agency action could reasonably have been regarded as *necessary* to obtain the information; and (2) the filing of the action had a *substantial causative effect* on the delivery of the information." Church of Scientology

2

1 v. U.S. Postal Service, 700 F.2d 486, 489 (9th Cir. 1983), citing Exner v. Federal Bureau of
2 Investigation, 443 F. Supp. 1349, 1353 (C.D. Cal. 1978) (emphasis in original).  If a court finds that
3 a complainant has substantially prevailed in a FOIA case, then the complainant is eligible for an
4 award of attorneys' fees.  Id.

5 Attorneys' fees are not automatically awarded to an eligible complainant, however.  Rather,
6 the court has discretion to determine whether the complainant is entitled to an award of attorneys'
7 fees.  Id. at 492; see also Elec. Frontier Found. v. Office of the Dir. of Nat'l Intelligence, No. C 07-
8 05278 SI, 2008 U.S. Dist. LEXIS 44050, at *4 (N.D. Cal. June 4, 2008) (Illston, J.).  In exercising
9 this discretion, courts consider four factors:  "(1) the benefit to the public, if any, deriving from the
10 case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in
11 the records sought; and (4) whether the government's withholding of the records sought had a
12 reasonable basis in law."  Church of Scientology, 700 F.2d at 492.

13
14 DISCUSSION
15 I.   Eligibility for Attorneys' Fees
16 In order to be eligible for an award of attorneys' fees, plaintiff must show convincing
17 evidence that two threshold criteria have been satisfied.  Id. at 489.  First, plaintiff must show it was
18 necessary to bring an action in order to obtain the requested information.  Id.  Second, plaintiff must
19 show that the filing of the action had a "*substantial causative effect* on the delivery of the
20 information."  Id.  In evaluating whether these criteria have been satisfied, a court should consider
21 when the information was delivered, whether or not the threat of a court order triggered the delivery
22 of the information, and whether the plaintiff was entitled to the documents at an earlier time.  Id. at
23 491-92.

24 Here, there is convincing evidence that the ASBL needed to bring a legal action against the
25 SBA in order to obtain the requested information.  The SBA denied the ASBL's initial request for a
26 a list of the small business entities and contract amounts that formed the basis of the SBA's 2007
27 Goaling Report.  MSJ Order at 2.  Instead, the SBA directed the ASBL to the GSA, which manages
28 the relevant database, but the ASBL was unable to extract the requested list because the ASBL did

3

1  not have knowledge of the parameters used by the SBA. MSJ Order at 2, 4. Additionally, the SBA
2  denied the ASBL's subsequent administrative appeal. Id. at 2. Because plaintiff exhausted its
3  alternative means to obtain the information, it became necessary to file an action. See Compl., Exh.
4  5 at 2.

5  There is also convincing evidence that a court order favoring plaintiff had a substantial
6  causative effect on the delivery of the requested information. Only after the court, on May 19, 2008,
7  instructed the SBA to deliver the requested information to the ASBL did the SBA do so, on May 30,
8  2008. MSJ Order at 2. There is no evidence that the timing of the SBA's delivery of the
9  information was due to some other factor, such as undue hardship in providing the information
10 sooner or unavoidable administrative delay, rather than the threat of a court order. See id. at 6. Nor
11 is there any suggestion that the ASBL was not entitled to the information at an earlier time.
12 Accordingly, plaintiff has met both threshold eligibility criteria for attorneys' fees.

14 II.  Entitlement to Attorneys' Fees

15 In determining whether plaintiff is entitled to attorneys' fees, the court should consider the
16 four Church of Scientology factors listed above. 700 F.2d at 492. These factors are not exhaustive,
17 however, and the court should also consider the criteria listed in the Senate Judiciary Committee's
18 Report on FOIA in conjunction with the existing body of law on attorneys' fees awards. Id. at 492.
19 In weighing these factors, the court finds that plaintiff is entitled to an award of attorneys' fees.

20 The first factor, benefit to the public deriving from the case, relates to the degree of
21 dissemination and likely public impact from disclosure of the requested information. Id. at 493.
22 Types of requests that might justify fee awards include a request for information to be used in a
23 publication or a request by a public interest group for information that furthers a project benefitting
24 the general public. See S. Rep. No. 93-854, 93d Cong., 2d Sess. at 19 (1974), cited in Church of
25 Scientology, 700 F.2d at 493 n.6. Defendant argues that this factor weighs against awarding fees
26 because plaintiff has never identified a benefit that the public has derived from this action. Even
27 though plaintiff does not present a specific argument that releasing the information would benefit the
28 public, it does not follow that no benefit exists. One of plaintiff's stated purposes is to "focus public

4

attention on emerging small business issues and to otherwise promote the interests of small businesses." See Compl. ¶ 3.  When the SBA issued its 2007 press release stating that $77.7 billion in federal contracts were awarded to small businesses in 2006, plaintiff made its request for a list of the small business entities receiving these contracts and contract amounts awarded, for the purpose of verifying *for the public* whether these recipients were indeed small businesses.  See Compl. ¶¶ 5-6; Exh. 4.  The court finds that plaintiff's request for information furthered a project benefitting the general public—a project of holding a government agency publicly accountable for the accuracy of its statements and ensuring the agency's compliance with its Congressional mandate.  As such, this factor weighs in favor of awarding attorneys' fees to plaintiff.

The second factor, commercial benefit to plaintiff, and the third factor, the nature of plaintiff's interest in the information sought, relate to whether the plaintiff requested information for a private commercial benefit only or whether the public interest benefitted from the release of the requested information.  Church of Scientology, 700 F.2d at 494.  For example, a court might allow recovery of attorneys' fees for an indigent plaintiff or a non-profit public interest group, but not for a large corporate plaintiff.  See S. Rep. No. 93-854, cited in Church of Scientology, 700 F.2d at 493 n.6.  In this case plaintiff is a non-profit organization established to assist and advocate on behalf of small businesses, many of which are owned by veterans, minorities, and the disabled.  See http://www.asbl.com/joinasbl.html.  Defendant is "an independent agency of the federal government [created] to aid, counsel, assist and protect the interests of small business concerns, to preserve free competitive enterprise and to maintain and strengthen the overall economy of our nation." http://www.sba.gov/aboutsba/index/html.

Plaintiff stated in its requests to the SBA that the requested information would be used "not for commercial use" but for its research in verifying the accuracy of the SBA's statements in its 2007 press release.  See Compl., Exhs. 2 & 4.  Because the public benefits from releasing the requested information in order to verify the SBA's public claims about the amount of federal contracts awarded to small businesses, the court finds that these two factors weigh in favor of awarding attorneys' fees to plaintiff.

5

Finally, the fourth factor, whether defendant's withholding of the requested information had a reasonable basis in law, relates to whether the government agency's actions appeared to have a "colorable basis in law" or instead appeared to be carried out "to frustrate the requester." S. Rep. No. 93-854, cited in Church of Scientology, 700 F.2d at 493 n.6. Defendant argues that its response to plaintiff had a reasonable basis in law because the records were not agency records at the time the request was made. However, the court previously determined that the requested records were agency records within the meaning of FOIA because the records were already in existence and were under the SBA's control. MSJ Order at 5-6. Defendant's attempt to argue otherwise is the kind of bureaucratic foot-dragging that FOIA was designed to avoid. See id. at 7. As such, this factor weighs in favor of awarding attorneys' fees to plaintiff.

Although these four factors are not exhaustive and the court has discretion to consider other factors, see Church of Scientology, 700 F.2d at 492, defendant has offered no other arguments against an award of attorneys' fees. Accordingly, the court finds that plaintiff is entitled to recover attorneys' fees.

III.     Reasonableness of Fees

Once a court finds that a plaintiff is eligible for and entitled to attorneys' fees, the court then reviews the submitted fee bill for the reasonableness of the number of hours expended and the hourly rate claimed. Long v. U.S. Internal Revenue Serv., 932 F.2d 1309, 1313-14 (9th Cir. 1991). If the submitted number of hours and the hourly rate are reasonable, then there is a "strong presumption" that their product is a reasonable award. Id. at 1314. However, the court has the discretion to increase or decrease this award "if certain factors relating to the nature and difficulty of the case . . . indicate that such an adjustment is necessary." Id. For example, the court may exclude hours that were not "reasonably expended" on the litigation or which are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Plaintiff ASBL requests $14,580 in attorneys' fees and $362.90 in costs.[1] Defendant SBA argues that plaintiff's fee request is unreasonable because the documentation of hours is inadequate

6

and because many of the listed items are duplicative, unnecessary or unrelated to the instant action. Defendant also objects that plaintiff's requested costs are not supported by documentation.

Plaintiff's documentation of hours is adequate. Plaintiff has provided billing records that contain descriptions of the particular services rendered and the amount of time expended for each service. To the extent that defendant objected to particular charges as duplicative, unnecessary or unrelated to the instant action, plaintiff addressed many of these objections in its amended invoices. <u>Compare</u> Docket No. 33 (Proctor Dec.), Exhs. C-E, <u>with</u> Docket No. 34 (Belshaw Am. Dec.), Exh. A. However, defendant is correct that several of the listed charges should be reduced or excluded because they encompass or partially encompass work that was unrelated to the instant action. Plaintiff includes a charge for 4.2 hours that were spent on activities related to filing the complaint and preparing a subpoena. Because no subpoena was ever served, the court reduces the hours from 4.2 hours to 2.5 hours. Another charge, for 0.4 hours for a telephone conference that was unrelated to the instant action, is excluded. A charge that was partially objected to for including press activity is reduced from 0.2 hours to 0.1 hours.

Taking into account these reduced or excluded charges, the court finds that 46.4 of the 48.6 claimed hours were reasonably expended on the instant action. The court also finds that the hourly rate claimed, $300 per hour, is a reasonable rate. Accordingly, the court awards plaintiff attorneys' fees in the amount of $13,920. Additionally, the court finds that there is adequate documentation for plaintiff's costs in the amount of $362.90, which encompass a court filing fee and certified mail for service of the complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown, the court hereby GRANTS plaintiff's motion for attorneys' fees and costs in the amount of $14,282.90.

IT IS SO ORDERED.

Dated: April 15, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

7

1. Plaintiff's initial motion for attorneys' fees, filed September 22, 2008, requested $14,970 for attorneys' fees and $371 in costs, but the accompanying declaration requested $49,970 in attorneys' fees and $371 in costs. Plaintiff subsequently filed an amended declaration requesting $14,580 in attorneys' fees and $362.90 in costs on October 28, 2008. See Docket No. 29 (Mot.) at 3; Docket No. 30 (Belshaw Dec.) at 2; Docket No. 34 (Belshaw Am. Dec.) at 2.